IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER HAND RILEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB 09-CV-3363 |
| HEALTHMARKETS, INC., *et al*., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff Christopher Hand Riley ("Riley"), proceeding *pro se*, brings this action against ten defendants - a health insurance holding company, its subsidiaries and its investors - for seven causes of action including fraud and misrepresentation. Defendants move to dismiss Riley's complaint. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons that follow, Defendants' Motions to Dismiss (Paper Nos. 7 and 14) are GRANTED.

### BACKGROUND

In ruling on a motion to dismiss, "[t]he factual allegations in the Plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

In or around April 2005, Defendant HealthMarkets, Inc. and its subsidiaries - which include Defendants The MEGA Life and Health Insurance Company ("MEGA"), Mid-West National Life Insurance Company of Tennessee ("Mid-West"), United Insurance Company, Inc. ("United"), Insphere Insurance Solutions, Inc. ("Insphere") and UGA - Association Field Services ("UGA") (collectively referred to as "Insurer Defendants") - hired Plaintiff Riley as a

1

sales representative. Riley contends that when he interviewed for this position he disclosed to his interviewers that he had a non-violent criminal conviction on his record that was over ten years old. Nonetheless, at some point in 2009 HealthMarkets terminated Riley's contract and appointment after a background check uncovered Riley's felony convictions for theft and misappropriation.

After his termination, Riley filed the pending complaint against Insurance Defendants, an employee of Insurer Defendants named David A. Thompson ("Thompson"), and the following financial groups that are affiliated with investors in HealthMarkets: The Goldman Sachs Group, Inc. ("Goldman Sachs"), The Blackstone Group, Inc. ("Blackstone"), and DLJ Merchant Banking Partners ("DLJ"). Riley alleges that some or all of these Defendants: fraudulently misrepresented that Riley had a job (Count I), committed "silent fraud" by failing to disclose that a criminal conviction would lead to his immediate termination (Count II), committed "innocent misrepresentation" (Count III), violated his right to privacy (Count IV), breached his contract (Count V), violated the Fair Credit Reporting Act (Count VI), and "comingl[ed] corporate information" (Count VII).

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the FRCP authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the

plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

ANALYSIS

I.      **Counts I, II, and III - Fraud and Misrepresentation**

Count I of the complaint claims that Defendants HealthMarkets, MEGA, Mid-West and United engaged in fraud by informing Riley that his job was secure regardless of his criminal convictions. Count II contends that UGA, Goldman and Blackstone committed "silent" fraud by failing to disclose that Riley's criminal conviction would cause immediate termination. Count III claims that all Defendants committed "innocent misrepresentation." Since Riley's claims sound in fraud, they are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See Haley v. Corcoran*, 659 F. Supp. 2d 714, 724 n.10 (D. Md. 2009); *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). Under Rule 9(b), Riley must state his fraud claims with particularity, specifying the "date, place and time of active misrepresentations or the circumstances of active concealments …." *Johnson*, 492 F. Supp. 2d at 509. Riley has not provided any of these facts in his complaint, nor has he identified the individuals responsible for the alleged fraud. Accordingly, Riley fails to state his fraud claims with sufficient particularity and Counts I, II and III must be dismissed.

II.     **Count IV - Invasion of Privacy**

Count IV of the complaint claims that Defendants HealthMarkets, Insphere, Goldman Sachs and Blackstone violated Plaintiff's right to privacy by providing HealthMarkets with the information contained in Riley's background check. To state a claim for invasion of privacy for the publication of private facts, "a party must show that an article publicized private facts in a highly offensive manner about an issue not of public concern." *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 719 (4th Cir. 1991). Information that is already in the public domain when published does not qualify as private facts. *Id*. Riley does not allege that any of the Defendants

published private facts about him. At best, Riley contends that HealthMarkets *received* information about his criminal record, which is not equivalent to publication. Furthermore, a person's criminal record is not a private fact but a matter of public record. *Campbell v. Lyon*, 26 Fed. Appx. 183, 190 (4th Cir. 2001). Thus, Riley's invasion of privacy claim in Count IV must be dismissed.

### III.     Count V - Breach of Contract

Count V of the complaint alleges that Defendant Insphere breached its contract with Riley by releasing his background information and using it for purposes other than those he agreed to in his disclosure and release form. In order to prevail on a claim for breach of contract under Maryland law, "a plaintiff must prove that the Defendant owed the Plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166 (2001). A plaintiff must plead these elements in the complaint in order to establish a prima facie case for breach of contract. *See, e.g., Waterfront Guard Assoc. v. Amstar Corp.*, 363 F. Supp. 1026, 1030 (D. Md. 1973). Riley does not identify any contractual obligation that Insphere purportedly breached. Instead, Riley merely makes conclusory allegations that the disclosure and release statements he signed when he began his employment constituted a contract. This document is not a contract but merely a form authorizing Riley's employer to complete a background check. Accordingly, Riley's breach of contract claim in Count V must be dismissed.

### IV.     Count VI - Fair Credit Reporting Act

Count VI of the complaint contends that all of the Defendants violated the Fair Credit Reporting Act ("FCRA") and that Riley is "suing for damages for this obvious violation." Compl. at 10. As an initial matter, only federal or state officers are authorized to bring an

5

enforcement action under the FCRA. 15 U.S.C. § 1681s-2(d). Additionally, Riley's claim is prohibitively vague as it does not specify what subsection of the FCRA the Defendants allegedly violated. As a result, Riley's FCRA claim in Count VI must be dismissed.

## V. Count VII - Claims Against Defendant Thompson

Count VII of the complaint seems to make three allegations against Defendant Thompson for: 1) commingling of corporate information and documentation; 2) "writing a termination letter with information that [Thompson] was not entitled to have;" and 3) invasion of privacy. Compl. at 10. First, Riley does not explain how Thompson could be found individually liable for commingling of corporate information nor does he explain what information Thompson purportedly misused. Second, Riley does not allege any cognizable cause of action premised upon his objections to his termination letter. Third, Riley does not provide any further explanation as to why or how his privacy was invaded. For the reasons stated above, Riley has not stated a claim for invasion of privacy against any of the Defendants, including Defendant Thompson. Thus, Riley's claims against Defendant Thompson in Count VII must be dismissed.[1]

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (Paper Nos. 7 and 14) are GRANTED.

A separate Order follows.

Dated: July 2, 2010  /s/_____
Richard D. Bennett
United States District Judge

---

[1] In light of this Court's determination that Riley fails to state any claim, it need not reach the additional arguments presented by Goldman Sachs, Blackstone and DLJ that their status as affiliates of HealthMarkets shareholders is not a sufficient basis to hold them liable, or the contention of the Insurer Defendants that no liability can be imposed against Thompson because this Court lacks personal jurisdiction over him.